ACCEPTED
13-15-00237-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/3/2015 4:43:03 PM
CECILE FOY GSANGER
CLERK

NO. 13-15-00237-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/6/2015 9:00:00 AM
CECILE FOY GSANGER
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG

CITY OF PORT ISABEL, TEXAS, MARIA DE JESUS GARZA, GUILLERMO
TORRES AND JOE E. VEGA
Appellants,

VS

JUAN JOSE "JJ" ZAMORA, SR., AND MARTIN C. CANTU
Appellees.

From Cause Number 2015-DCL-02342
In the 444th Judicial District Court of Cameron County, Texas

**APPELLANT CITY OF PORT ISABEL'S BRIEF**

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

| **Appellants** | **Counsel for Appellants** |
| --- | --- |
| City of Port Isabel | Robert L. Collins |
| | Texas Bar No. 04618100 |
| | Audrey Guthrie |
| | Texas Bar No. 24083116 |
| | P.O. Box 7726 |
| | Houston, Texas 77270-7726 |
| | (713) 467-8884 |
| | (713) 467-8883 Facsimile |
| | houstonlaw2@aol.com |
| | |
| Maria de Jesus Garza | Michael R. Cowen |
| Joe Vega | Texas Bar No. 00795306 |
| | 62 E. Price Road |
| | Brownsville, TX 78521 |
| | (956) 541-4981 |
| | (956) 504-3674 Facsimile |
| | michael@cowenlaw.com |
| | |
| Guillermo Torres | Frank E. Perez |
| | Texas Bar No. 15776540 |
| | 300 Mexico Boulevard |
| | Brownsville, TX 78520 |
| | (956) 504-5403 |
| | (956) 504-5991 Facsimile |
| | fperez@feperezandassociates.com |
| | |
| **Appellees** | **Counsel for Appellees** |
| Juan Jose "JJ" Zamora | Gilbert Hinojosa |
| Martin C. Cantu | 622 East St. Charles St. |
| | Brownsville, Texas 78520 |
| | 956-544-4218 |
| | Fax: 1-956-544-1335 |
| | ghinojosa@ghinojosalaw.net |

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. *ii*

Index of Authorities .................................................................................. *v*

Statement of the Case ............................................................................... *vi*

Statement of Oral Argument .................................................................... *vi*

Issue Presented: ........................................................................................ *vi*

> **The Temporary Injunction was granted in violation of Texas law, because Appellees did not present evidence to support their pleadings of a probable right to recovery.**

Statement of Facts ..................................................................................... 1

Summary of Arguments ............................................................................ 2

Argument and Authorities ......................................................................... 3

I.     Supporting Law ............................................................................. 3

II.    The Temporary Injunction was granted in violation of Texas law, because Appellees did not present evidence to support their pleadings of a probable right to recovery. .................................................... 4

    A.    Appellees Cantu and Zamora testified that they conducted business with the City and, therefore, supported the Commission's finding that they were in violation of the City Charter, Section 2.02 .......................................................... 5

    B.    Appellees Cantu and Zamora presented evidence that supported the validity of the hearing and voting procedure, including their own use of the voting procedure at the same hearing ......................... 6

    C.    All the other evidence presented by Appellees was not relevant to their probable right to recovery addressing instead the irrelevant

possibility that another member conducted business with the city as well .................................................................................... 7

Conclusion and Prayer ......................................................................... 8

Certificate of Service ......................................................................... 10

Certificate of Compliance .................................................................. 10

Certification ....................................................................................... 11

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                               **<u>PAGE(S)</u>**

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) ...................... 4, 5, 8

*EMS USA, Inc. v. Shary*, 309 S.W.3d 653, 657 (Tex. App. Houston 14th Dist. 2010) ........................................................................................................ 4

*IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 197 (Tex. App.--Fort Worth 2005, no pet.) ...................................................................................... 4

*Wheel Factory v. Sma Props., L.P.*, 2002 Tex. App. LEXIS 4318 (Tex. App. Dallas June 18, 2002) .................................................................................................. 4

**<u>STATUTES AND CONSTITUTIONS</u>**                **<u>PAGE(S)</u>**

Port Isabel City Charter, Section 2.02 ....................................................... 1, 2, 4, 5

Tex. R. App. P. 6.3 .................................................................................... 10

Tex. R. App. P. 9.4(e) ............................................................................... 11

Tex. R. App. P. 9.4(i) ................................................................................ 11

Tex. R. App. P. 9.4(i)(1) ............................................................................ 11

Tex. R. App. P. 9.5 (b)(d) and (e) ............................................................. 10

# STATEMENT OF THE CASE

*Nature of underlying proceeding*    Appellees, Juan Zamora and Martin Cantu were removed from their offices as City Commissioners for violations of the Port Isabel City Charter. Appellees filed suit against Relators, the City of Port Isabel, two City Commissioners, and the Mayor in their personal and official capacities claiming that Appellees should not have been removed from office and seeking an injunction to undue the vote and reinstate them into their offices.

*Action complained of:*    On April 24, 2015, a hearing was held on Appellants Plea to Jurisdiction and Appellee's Temporary Injunction. The Temporary Injunction was erroneously granted on April 24, 2015.

# STATEMENT REGARDING ORAL ARGUMENT

There is sufficient applicable and well-established law to decide this issue without oral arguments. However, if Appellees are granted oral arguments, then Appellants request an equal opportunity to be heard and present argument.

# ISSUES PRESENTED

The Temporary Injunction was granted in violation of Texas law, because Appellees did not present evidence to support their pleadings of a probable right to recovery.

# STATEMENT OF FACTS

During a properly-noticed public meeting, and pursuant to a provision of the Port Isabel City Charter, the City Commission, including Appellees, voted on the potential violation of City Charter, Section 2.02, of three of the Commissioners: Appellant Torres, Appellee Cantu, and Appellee Zamora. During the meeting, by a duly-recorded majority vote, Appellees were removed from their positions on the City Commission due to their business dealing with the City in violation of Section 2.02. Port Isabel City Charter Section 2.02 provides for the disqualification of office holders and candidates for City elected office for, among other things, doing business with the City.

Appellees filed suit against Appellants in their individual and official capacity for their actions in voting to remove Appellees from their positions on the City Commission for violation of Section 2.02 of the City Charter by each Appellee. CR4. Appellees contend by their petition that 1) they were erroneously removed; or 2) in the alternative, that the City Charter provision is unconstitutional. CR4. Appellees sought a temporary injunction requiring reinstatement of Appellees as voting members of the Port Isabel City Commission. A hearing was held on a Plea to Jurisdiction filed by Appellants and Appellee's Motion for Temporary Injunction on April 24, 2015, during which Appellees presented three witnesses. RR:1. At the hearing, Appellees testified and

1

confirmed their own business dealings with the City and their participation in the vote on whether or remove another commissioner for the same offense at the same meeting. The court verbally granted the temporary injunction at the hearing. RR:1, p. 121, ln. 5. The court did not sign a Temporary Injunction order at that time and no bond was ever filed. Appellants filed an appeal on the denial of their temporary injunction and notice of stay due to a separate appeal of the denial of the City's Plea to Jurisdiction, on May 12, 2015. CR102. That day, after Notice of Stay, the Court appears to have signed an order granting the temporary injunction. To this day, no bond has been filed.

## SUMMARY OF ARGUMENTS

I.    **The Temporary Injunction was granted in violation of Texas law, because Appellees did not present evidence to support their pleadings of a probable right to recovery.**

    A.    **Appellees Cantu and Zamora testified that they conducted business with the City and, therefore, supported the Commission's finding that they were in violation of the City Charter, Section 2.02.**

        At the Hearing on the Temporary Injunction, Appellees confirmed the facts that were the basis of the City Commission finding them in violation of the City Charter, Section 2.02. Appellants confirmed that they had automotive establishments and that, through those establishments, they conducted business with the City during their time as City Commissioners. RR:1 p. 94, ln 1-3, p.86, ln. 16-25; RR:1 p.86, ln. 8-22, p. 107, ln. 11-22.

2

**B.    Appellees Cantu and Zamora presented evidence that supported the validity of the hearing and voting procedure, including their own use of the voting procedure at the same hearing.**

Appellees presented evidence that they placed on the agenda, and actively voted, on another Commissioner's potential business dealings with the City and possible violation of the same City Charter provision at the same meeting where their business dealings were raised. Appellees confirmed that neither they, nor anyone else, raised any concerns about the Commission's ability to vote on Commission's business dealings and possible violations of the City Charter or the Commission's ability to vote on the issues at that meeting until they were in litigation.

**C.    All the other evidence presented by Appellees was not relevant to their probable right to recovery addressing instead the irrelevant possibility that another member conducted business with the City as well.**

The other evidence supplied by Appellees talked about the business another commissioner may have with the City, and the opinion of a local reporter that it is a good idea the City Charter anti-corruption provisions to be enforced.

Appellees did not provide any evidence that the City Charter was unconstitutional or that they had not violated the City Charter, and therefore were improperly removed. Appellees did not provide any evidence to establish their probable right to recovery, and therefore did not meet the legal requirements to obtain a temporary injunction.

## ARGUMENT AND AUTHORITIES

**I.    Supporting Law**

To obtain a temporary injunction, the applicant must 1) plead a cause of action against the defendant that shows a probable right to recover on that cause of action; and 2) show a probable, imminent, and irreparable injury in the interim.

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *EMS USA, Inc. v. Shary*, 309 S.W.3d 653, 657 (Tex. App. Houston 14th Dist. 2010). The applicant must then present evidence that establishes the cause of action and supports the pleadings. *Id.; IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 197 (Tex. App.--Fort Worth 2005, no pet.); *Wheel Factory v. Sma Props., L.P.*, 2002 Tex. App. LEXIS 4318 (Tex. App. Dallas June 18, 2002).

II.     **The Temporary Injunction was granted in violation of Texas law, because Appellees did not present evidence to support their pleadings of a probable right to recovery.**

Appellees' cause of action is based on the enforcement of a provision of the Port Isabel City Charter by a vote of the Port Isabel City Commission, which is an integral part of the City government.  The City Charter provides:

> The Mayor, Commissioners, and other officers and employees…
> and shall not be interested in the profits or emoluments or any
> contract, job, work or service for the City of Port Isabel, or
> interested in the sale or lease to or by the City of any property,
> real or personal… Any officer or employee of the City who shall
> cease to possess any of the qualifications herein required shall
> forthwith forfeit his or her office...

> Port Isabel City Charter Section 2.02

To meet the requirements for obtaining a temporary injunction, Appellees had the burden to present evidence at the hearing on the Temporary Injunction that established the elements of their cause of action and proved a probable right to

4

recovery. *Butnaru*, 84 S.W.3d at 204. However, Appellees did not present evidence showing any probable right of recovery and, therefore, failed to meet their burden. As a result, the Temporary Injunction Order should be vacated and reversed.

The only testimony Appellees presented at the hearing was from three witnesses: Appellee Cantu, Appellee Zamora, and a witness named Manuel de la Rosa. None of those witnesses presented evidence to support the assertion that Appellees were not in violation of the City Charter and that they were improperly removed.

A.	Appellees Cantu and Zamora testified that they conducted business with the City and, therefore, supported the Commission's finding that they were in violation of the City Charter, Section 2.02:

- Cantu admitted that both he and Appellant Zamora conducted business with the City of Port Isabel while they were commissioners. RR:1 p. 94, ln 1-3, p.86, ln. 16-25.

- Zamora confirmed Cantu's testimony that Zamora conducted business with the City. RR:1, p. 107, ln. 11-17, p. 91, 14-17.

- Cantu and Zamora described the nature of their business dealings and the involvement with the City that resulted in them making money from business transactions with the City while claiming a position as City Commissioner. RR:1 p.86, ln. 8-22, p. 107, ln. 11-22.

5

B.    Appellees Cantu and Zamora presented evidence that supported the validity of the hearing and voting procedure, including their own use of the voting procedure at the same hearing.

Appellees attempted unsuccessfully to have a different City Commissioner removed from office on the exact same alleged grounds, using the same voting procedure, at the same hearing.  RR:1, p. 112, ln. 4-10.  After their effort failed, the Commission proceeded to entertain and pass a Motion by majority vote to enforce the City Charter mandate and remove Appellees from office for their admitted business transactions with and profits from doing business with the City:

- Cantu admitted that Appellees had proper notice of the public meeting at issue.  RR:1 p. 8, ln. 11-16.

- Cantu admitted he and Zamora both had an opportunity to be heard and defend the allegations that they had done business with the City at the meeting, as they both attended the meeting. RR:1 p. 79, p.2-7.

- Cantu admitted that the week's regularly scheduled Tuesday meeting was simply moved to Monday for convenience. RR:1 p.78, ln. 20-24.

- Zamora confirmed that no one raised any issues about the City Commission's ability to vote on and decide the issue of their disqualification to hold office and resulting removal, or to decide that issue at that duly-noticed public meeting. RR:1 p. 112, ln. 4-10.

6

- Cantu and Zamora admitted that they placed another Commissioner's possible disqualification and removal due to alleged business dealings with the City on the agenda for the same meeting, that they pursued that item, that it was considered, voted on, and rejected by the City Commission at the very same meeting. RR:1 P.85, ln. 1-5, RR:1 p.105, ln. 10-16.

C.    All the other evidence presented by Appellees was not relevant to their probable right to recovery addressing instead the irrelevant possibility that another member conducted business with the city as well:

- Cantu and Zamora testified that Appellant Torres also did business with the City. RR:1, p. 94, ln. 1-3. However, that testimony is not relevant to their probable right to recovery and whether or not Appellee Cantu and Appellee Zamora violated the City Charter and were properly removed. In his testimony, Cantu confirmed that he set a Commission evaluation of that business on the agenda for the same meeting, during which the Commission voted on Cantu's business involvement. RR:1 P.85, ln. 1-5. The commission evaluated whether or not Appellant Torres was in violation of the Charter, voted and determined that he should not be removed. RR:1 p. 111, ln.25-p.112, ln. 2.

7

- The other witness presented by Appellees, Mr. de la Rosa, testified that he was told Commissioners could do business with the City under certain conditions and confirmed that he thought enforcing the law prohibiting Commissioners from conducting business with the City was a good idea. RR:1, p. 115, ln. 1-13, p. 117, ln. 6-19. Mr. de la Rosa's understanding of the law and opinions about how the law should be applied is not relevant to Appellees' right to recovery, and serves as no evidence to support any Temporary Injunction.

The only other evidence provided by Appellees presented no additional testimony in support of their pleadings and to establish their probable right to recovery. RR:1 p. 121, ln. 1-2.

## CONCLUSION AND PRAYER

Appellee's filed suit claiming that their removal from the City Commission for violations of the City Charter was improper, and they sought and obtained, without evidence, a Temporary Injunction Order. However, Appellees failed to meet their burden to support that pleading with sufficient evidence to prove a violation of law and probable right to recovery. Without this essential element, the temporary injunction was issued in violation of Texas law. *Butnaru*, 84 S.W.3d at 204.

Therefore Appellant City of Port Isabel prays this court will reverse the order granting Appellee's Motion for Temporary Injunction.

Respectfully submitted,

_____
Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, on this 26th day of June, 2015 and July 3, 2015:

Gilbert Hinojosa
622 East St. Charles St.
Brownsville, Texas 78520
Fax: 1-956-544-1335
ghinojosa@ghinojosalaw.net

Michael R. Cowen
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, TX 78521
 (956) 504-3674 Facsimile
michael@cowenlaw.com

Frank E. Perez
FRANK E. PEREZ & ASSOCIATES, PC
300 Mexico Boulevard
Brownsville, TX 78520
 (956) 504-5991 Facsimile
fperez@feperezandassociates.com

_____

Robert L. Collins

# CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,859 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

_____
Robert L. Collins

# CERTIFICATION

STATE OF TEXAS      §
§
COUNTY OF HARRIS  §

BEFORE ME, the undersigned authority, on this date personally came and appeared, Audrey Guthrie, who being duly sworn, on her oath deposed and stated the following:

"My name is Audrey Guthrie. I am an attorney duly licensed to practice law in the state of Texas. I am over twenty-one (21) years of age and am otherwise competent to execute this Certification.

"I am an attorney for Appellants. I have read and reviewed the foregoing Appellants' Brief and concluded that every factual statement in the brief is supported by competent evidence included in the Appendix or Record.

"All the Appendices included with this Appellants' Brief are true and correct copies."

_____
Audrey Guthrie

SWORN TO AND SUBSCRIBED BEFORE ME on this 25th day of June, 2015, to certify which witness by and seal of office.

_____
Notary Public in and for the State of Texas

GRETA J. KIRKLAND
Notary Public, State of Texas
My Commission Expires
April 29, 2017

12

NO. 13-15-00237-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG


**CITY OF PORT ISABEL, TEXAS, MARIA DE JESUS GARZA,
GUILLERMO TORRES AND JOE E. VEGA
Appellants,**

**VS.**

**JUAN JOSE "JJ" ZAMORA, SR., AND MARTIN C. CANTU
Appellees.**


From Cause Number 2015-DCL-02342
In the 444th Judicial District Court of Cameron County, Texas


**APPENDIX**


Tab A        Temporary Injunction Order, signed May 12, 2015

# TAB A

RECEIVED
2015-DCL-02342
4/28/2015 5:19:04 PM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk
5072360

CAUSE NO. 2015-DCL-2342

| | | |
|---|---|---|
| JUAN JOSE "JJ" ZAMORA, SR. and | § | IN THE DISTRICT COURT OF |
| MARTIN C. CANTU | § | |
| | § | |
| V. | § | 444TH JUDICIAL DISTRICT |
| | § | |
| CITY OF PORT ISABEL, TEXAS, | § | |
| MARIA DE JESUS GARZA, | § | |
| GUILLERMO TORRES, | § | |
| JOE E. VEGA, KEN PAXTON | § | |
| THE ATTORNEY GENERAL OF TEXAS | § | CAMERON COUNTY, TEXAS |

## TEMPORARY INJUNCTION ORDER

After considering Plaintiffs JJ Zamora's and Martin Cantu's application for a temporary injunctions, the pleadings, the evidence and the arguments of counsel, the court finds that: (1) Defendants voted to remove Plaintiffs as Port Isabel City Commissioners and will not allow Plaintiffs to continue to act as duly elected City Commissioners for Places 1 and 3 after April 13, 2015; and (2) Without this temporary injunction, Plaintiffs will lose their rights to be included in the ongoing business of city government as Port Isabel City Commissioners and will lose their right to vote on matters concerning Port Isabel city government. Therefore, the Court finds that harm is imminent to Plaintiffs if the court does not issue the temporary injunction and that Plaintiffs will be irreparably harmed because (1) Plaintiffs were duly elected to their respective offices as Port Isabel City Commissioners Places 1 and 3; (2) Defendants do not regard Plaintiffs as City Commissioners any longer and will not allow Plaintiffs to continue to act as City Commissioners; and (3) Defendants' actions in ousting Plaintiffs from their positions as Port Isabel City Commissioners deprives Plaintiffs from their interests, rights and entitlements as afforded to Plaintiffs under the law and Constitution of the State of Texas. The Court finds that the injury and harm to Plaintiffs absent this temporary injunction, will be immediate and

irreparable.  Plaintiffs have established a probable right to recovery since Plaintiffs were removed by Defendants as city commissioners in violation of the City of Port Isabel Home Rule Charter, state law and in violation of their due process rights protected under the Texas Constitution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants City of Port Isabel, Maria de Jesus Garza in her individual capacity and her capacity as Port Isabel City Commissioner Place 2, Guillermo Torres in his individual capacity and his capacity as Port Isabel City Commissioner Place 4 and Joe E. Vega in his individual capacity and his capacity as Mayor of the City of Port Isabel City are prohibited from: (1) removing Plaintiffs from their respective offices as Port Isabel City Commissioners for Places 1 and 3; (2) taking any actions to exclude Plaintiffs from participation in the business conducted by the Port Isabel City Commission; (3) withholding information from Plaintiffs which would in any way impede Plaintiffs' respective ability to carry out their respective duties as Port Isabel City Commissioners concerning the business conducted by the City of Port Isabel and the Port Isabel City Commission; (4) taking any action to replace Plaintiffs as Port Isabel City Commissioners Places 1 and 3; (5) declaring vacancies for Port Isabel City Commissioner Places 1 and 3, and (6) including as an agenda item on any future agenda, the removal of Plaintiffs from their respective offices as Port Isabel City Commissioners.

IT IS FURTHER ORDERED that final trial on the merits is set for August 28, 2015 at 10:00 a.m.

IT IS FURTHER ORDERED that this temporary injunction vacates and supersedes any prior orders of this Court.

The Court set the bond at $100.00.

The terms of this temporary injunction will continue until further order of this Court.

SIGNED on this the 12th day of May, 2015.


PRESIDING JUDGE